United States District Court
Southern District of Texas
ENTERED
September 16, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AMANDA UBIAS, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-3532 |
| ROSS STORES, INC., | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Amanda Ubias alleges that she "slipped and fell on a banana peel" while shopping at a Ross Stores location in Webster Texas. (Docket Entry No. 1-2 at 2, ¶ 8). She alleges that Ross breached the duty owed to her as a business invitee by failing to "keep the pathways clean and safe" and by failing "to take measures to eliminate the known hazard" after Ross had "actual or constructive knowledge that trash — including the banana peel — had been left on the floor." (*Id.* at 2–3, ¶¶ 12–13). She alleges that she "sustained . . . bodily injuries, mental anguish, and emotional suffering." (*Id.* at 2, ¶ 8).

Ross has moved for summary judgment. (Docket Entry No. 16). Ubias has not responded. The motion is ready for a ruling. Based on the pleadings, the motion, the record, and the applicable law, the court grants Ross's motion for summary judgment, (Docket Entry No. 16). The reasons for this ruling are set out below.

## I. The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th

Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c). "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial.'" *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting

reference omitted). Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [its] claim." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted).

The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. But "[i]f 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250).

## II. Analysis

Ubias's premises liability claim fails as a matter of law because there is no genuine factual dispute material to "[an] essential element[]" of her claim. (Docket Entry No. 16 at 1–3). To prevail on a premises liability claim, a plaintiff must establish four elements: "(1) [a]ctual or constructive knowledge of some condition on the premises by the owner/operator; (2) [t]hat the condition posed an unreasonable risk of harm; (3) [t]hat the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) [t]hat the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted). Ubias's claim fails on the first element because she has presented no evidence to create a genuine factual dispute material to determining whether Ross had actual or constructive notice of the banana peel before Ubias fell. *See id.*; *H-E-B, LP v. Peterson*, 732 S.W.3d 541, 548 (Tex. 2026) ("Constructive knowledge of a dangerous condition requires evidence that the condition existed for a sufficient duration before the time and place of the injury for a premises owner to have discovered it."); *cf. id.* ("This record contains no evidence of how

long the puddle existed before [the plaintiff] slipped on it; thus, the court of appeals erred in reversing summary judgment for HEB."); (Docket Entry No. 16 at 3–5; Docket Entry No. 1-2). In fact, Ubias acknowledges that she does not know how long the banana was on the ground. *See H-E-B, LP*, 732 S.W.3d at 548 ("Our Court repeatedly has rejected calls 'for a relaxed burden of proof in slip-and-fall cases when the evidence is scant.'" (citations omitted)); (Docket Entry No. 16-1). Ross is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 323.

**III. Conclusion**

The court grants Ross's motion for summary judgment, (Docket Entry No. 16), and denies the motion in limine, (Docket Entry No. 20), as moot. Final judgment will be separately entered.

SIGNED on September 16, 2026, at Houston, Texas.

Lee H. Rosenthal

Lee H. Rosenthal
Senior United States District Judge